**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR NASSER, to the Use of Eric A. Dupree, Phillip M. Cohen, and Joshua T. Gillelan II,<br><br>          Petitioner,<br><br>     v.<br><br>DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; et al.,<br><br>          Respondents. | No. 09-70706<br><br>BRB No. 08-0357<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Benefits Review Board

Submitted April 16, 2010**
San Francisco, California

Before: TASHIMA and THOMAS, Circuit Judges, and STAFFORD, Senior
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William Stafford, United States District Judge for the
Northern District of Florida, sitting by designation.

Victor Nasser, solely for the benefit of his attorneys, Eric A. Dupree and Joshua T. Gillelan II, petitions for review of the Department of Labor Benefits Review Board's decision affirming two orders issued by the administrative law judge ("ALJ"), awarding attorneys' fees and supplemental attorneys' fees, respectively, to Nasser's attorneys pursuant to the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901-950, as extended by the Defense Base Act ("DBA"), 42 U.S.C. §§ 1651-1654. The ALJ approved a settlement of the underlying claim and thereafter awarded fees to Nasser's attorneys in an amount significantly less than requested. Nasser seeks review of the fees awarded to Dupree and Gillelan.

Nasser first argues that the Benefits Review Board ("BRB") erred by affirming the ALJ's use of an improper methodology for calculating fees. In particular, Nasser contends that the ALJ erred when he based his lawyers' fee awards on past awards made by the BRB to LHWCA attorneys in other cases, which past awards were not themselves based on any evidence of prevailing market rates in the relevant community. Nasser contends that such methodology—long approved by the BRB and used by ALJs in awarding attorneys' fees—was and is inconsistent with the Supreme Court's case law holding that "reasonable fees" under the LHWCA are to be calculated "according

to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

One month after the BRB affirmed the ALJ's decisions in this case, we decided two cases that disapproved the hourly-rate-setting practice that had long prevailed at the administrative level. Van Skike v. Dir., Office of Workers' Comp. Programs, 557 F.3d 1041 (9th Cir. 2009); Christensen v. Stevedoring Servs. of Am., 557 F.3d 1049 (9th Cir. 2009). As noted in both Van Skike and Christensen, attorneys representing LHWCA claimants are forbidden by law from negotiating or entering into private fee agreements with their clients, which means that there is no private competitive market for LHWCA attorney's fees. Van Skike, 557 F.3d at 1046-47; Christensen, 557 F.3d at 1053. Accordingly, for purposes of awarding fees under the LHWCA, the "relevant community" must be defined more broadly than the LHWCA bar, and a "prevailing market rate" cannot be determined by looking solely at previous LHWCA rate-settings that, in turn, were based on previous LHWCA rate-settings. Van Skike, 557 F.3d at 1047; Christensen, 557 F.3d at 1053-54.

Nasser's attorney, Dupree, submitted rate surveys and attorney affidavits as evidence of market rates for similarly-experienced attorneys doing work of comparable complexity. The respondents countered with no evidence of prevailing

market rates; instead, they submitted copies of six reported LHWCA cases wherein ALJs had awarded fees to attorneys in the Western United States based not on marketplace rates but on ALJ-determined hourly rates ranging from $225 to $300. Rejecting Dupree's evidence of market rates, the ALJ selected an hourly rate—$285 per hour—from within the range of rates reported in the six LHWCA cases submitted by the respondents.[1]  The ALJ thus used the very methodology that was invalidated in Van Skike and Christensen.

Nasser also argues that the ALJ erred by denying fees on fees for all of the attorney time spent challenging the ALJ's and BRB's entrenched hourly-rate methodology.  The ALJ reduced the hours requested by Dupree in his supplemental application from 136.7 hours to 4.05 hours, explaining that the "severe" discount was "due to lack of success on the major issue argued, the hourly rate sought."  Because Dupree has now unquestionably prevailed on the issue regarding the BRB's hourly-rate methodology, the ALJ's rationale for the reduction in hours is no longer valid.

---

[1] In selecting $285 rather than a higher rate within the range, the ALJ explained that "none of the work performed herein appears to be so complex as to warrant a higher rate."  Complexity of issues, however, does not factor into the selection of a market rate.  Instead, case complexity is reflected in the number of billable hours recorded by counsel.  Blum, 465 U.S. at 898-99; Van Skike, 557 F.3d at 1048.

Because the ALJ in this case awarded—and the BRB affirmed—attorneys' fees based on an hourly rate methodology that has been invalidated by this court, we **VACATE** the BRB's decision and **REMAND** for the agency decisionmaker to re-evaluate the fee awards to Nasser's attorneys.  On remand, the agency decisionmaker is directed (1) to make appropriate findings regarding the relevant community and the prevailing market rate in accordance with our opinions in Van Skike and Christensen; (2) to reconsider whether the hours requested in Dupree's supplemental fee application were reasonable under the circumstances; and (3) to recalculate the fee awards based on the foregoing factors.